UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK T. MINVIELLE and LYNNE J. MINVIELLE, individually and their marital community,

Plaintiffs,

v.

SMILE SEATTLE INVESTMENTS, L.L.C., et al.,

Defendants.

No. C08-910Z

ORDER

THIS MATTER comes before the Court on defendant Smile Seattle Investments, L.L.C.'s motion, in which defendant Evergreen Bank joins, to dismiss certain claims. Having reviewed all papers filed in support of and in opposition to the motion, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss, docket no. 18, as follows:

(1) The motion to dismiss is DENIED with respect to plaintiffs' SIXTH cause of action, for civil conspiracy;

(2) The motion to dismiss is GRANTED with respect to plaintiffs' SEVENTH cause of action, for breach of fiduciary duty, which is DISMISSED without prejudice, as to defendants Smile Seattle Investments, L.L.C. and Evergreen Bank; the claim shall

ORDER - 1

1 | remain pending against defendants Bellevue City Mortgage, L.L.C. and Bellevue City Mortgage, Inc.;

(3) The motion to dismiss plaintiffs' EIGHTH cause of action is GRANTED IN PART as to any claim of negligent misrepresentation, and is otherwise DENIED with respect to plaintiffs' claims of intentional misrepresentation and fraud;

(4) The motion to dismiss is GRANTED with respect to plaintiffs' NINTH cause of action, for intentional infliction of emotional distress or outrage, which is DISMISSED without prejudice, as to all defendants;

(5) Any motion for leave to amend the complaint herein shall be filed by February 12, 2009, along with a copy of any proposed amended complaint; and

(6) The Clerk is directed to send a copy of this Order to all counsel of record.

**Background**

Plaintiffs Patrick Minvielle and Lynne Minvielle have sued Smile Seattle Investments, L.L.C. ("Smile Seattle"), Evergreen Bank, and Bellevue City Mortgage, L.L.C., and Bellevue City Mortgage, Inc. (collectively "Bellevue City Mortgage") in connection with a "bridge" loan, which they obtained to cover the purchase of a residence in the Broadview neighborhood while attempting to sell their home in the Magnolia neighborhood. The bridge loan, for the principal amount of $782,188.89, had a term of three months, a 12% annual interest rate, a 6% origination fee, and a 3% extension fee. _See_ Amended Complaint at ¶¶ 3.11 & 3.37 (docket no. 9). The bridge loan was secured by mortgages on both properties. _Id._ at ¶ 3.9. Bellevue City Mortgage was the broker for the bridge loan, and Smile Seattle was the lender. _Id._ at ¶¶ 2.6, 2.7, 3.8, & 3.9. Plaintiffs anticipated quickly selling their house in Magnolia, which was estimated to be worth at least $1.1 million and had a mortgage of approximately $500,000, and then paying off the bridge loan, which had a maturity date of September 22, 2007. _Id._ at ¶¶ 3.3, 3.6, 3.11, & 3.12.

In June 2007, plaintiffs moved to the Broadview home and listed the Magnolia property for sale. *Id.* at ¶ 3.13. In August 2007, a potential buyer moved into the Magnolia residence, ostensibly to rent the house while arranging for financing of the agreed upon $1.6 million purchase price. *Id.* at ¶¶ 3.14-3.16. In October 2007, plaintiffs discovered that the potential buyer had substantially damaged the Magnolia home, thereby indicating a lack of intent to purchase the property. *Id.* at ¶ 3.18. After evicting the potential buyer, plaintiffs sold the depreciated Magnolia property for $800,000. *Id.* at ¶¶ 3.18 & 3.21. From the proceeds of the sale, plaintiffs paid $185,019 toward the balance of the bridge loan. *Id.* at ¶ 3.23.

In January 2008, plaintiffs corresponded with Smile Seattle concerning the balance owed on the bridge loan. Smile Seattle provided two different payoff amounts, namely $676,409 and $604,626, and made a notation on the latter written estimate indicating that modifications were made to the earlier document "to come up with a 'payoff that is plausible.'" *Id.* at ¶¶ 3.37 & 3.38. On April 1, 2008, Smile Seattle served a notice of default on plaintiffs, thereby initiating foreclosure proceedings. *Id.* at ¶ 3.45. At some point, the bridge loan was assigned to Evergreen Bank. *Id.* at ¶ 2.5. On April 10, 2008, plaintiffs attempted to rescind the bridge loan transaction via letter sent to Smile Seattle and Evergreen Bank. *Id.* at ¶ 3.41 & Exh. A. Neither Smile Seattle nor Evergreen Bank terminated the security interest in plaintiffs' Broadview property. *See id.* at ¶¶ 4.6 & 4.7.

In June 2008, plaintiffs filed this action asserting violations of the Truth in Lending Act, the Home Ownership and Equity Protection Act of 1994, the Real Estate Settlement Procedures Act of 1974, Washington's Mortgage Broker Practices Act, Washington's Consumer Loan Act, and Washington's Consumer Protection Act, as well as civil conspiracy, breach of fiduciary duty, misrepresentation or fraud, and intentional infliction of emotional distress. *See* Complaint (docket no. 1); *see also* Amended Complaint (docket no. 9). Smile Seattle now moves to dismiss the non-statutory or common law claims.

Evergreen Bank joins in the motion. *See* Response (docket no. 20). The parties appear to agree that Washington law applies to plaintiffs' common law claims; they have provided no contractual provisions or argument to the contrary.

**Discussion**

    **A.    Standard for Motion to Dismiss**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The complaint must indicate more than mere speculation of a right to relief. 127 S. Ct. at 1965. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.[1] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

    **B.    Civil Conspiracy**

In Washington, the elements of civil conspiracy are: (i) two or more people engaged in activity to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means; and (ii) an agreement among such people to accomplish the object of the conspiracy. *Wilson v. State*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996) (citing *Corbit v. J.I. Case*

---

[1] Plaintiffs assert that the applicable standard is articulated in the following passage from *Conley v. Gibson*, 355 U.S. 41 (1957): "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. This "no set of facts" language, however, was expressly rejected by the Supreme Court in *Twombly*. *See* 127 S. Ct. at 1969 ("Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement.").

ORDER - 4

*Co.*, 70 Wn.2d 522, 528-29, 424 P.2d 290 (1967)). Smile Seattle contends that plaintiffs have not pleaded facts to support the requisite inference that the circumstances are "inconsistent with a lawful or honest purpose and reasonably consistent only with existence of the conspiracy." *Corbit*, 70 Wn.2d at 529. Smile Seattle also asserts that plaintiffs have not offered "clear, cogent, and convincing evidence" of the alleged conspiracy. *See id.* ("the existence of an alleged civil conspiracy must be established by clear, cogent, and convincing evidence"). Smile Seattle's arguments are better reserved for later stages of this litigation. The "clear, cogent, and convincing" standard constitutes a burden of proof, applicable at trial, and not a threshold for proper pleading of a cause of action. Here, plaintiffs have alleged that two or more entities were involved in predatory lending practices, during the course of which statutorily required disclosures were not made. Plaintiffs have also alleged that Smile Seattle and Bellevue City Mortgage "conspired with one another," *see* Amended Complaint at ¶ 9.3 (docket no. 9), to induce plaintiffs to enter into the bridge loan transaction, which inured to these defendants' benefit in the form of excessive fees and interest rates. Thus, plaintiffs have sufficiently articulated a cognizable claim, and the motion to dismiss plaintiffs' sixth cause of action is DENIED.

**C.  Breach of Fiduciary Duty**

Smile Seattle contends that, as a mere lender, it owes no fiduciary duty to its borrowers, and thus, plaintiffs cannot assert a claim for breach of fiduciary duty. In response, plaintiffs cite to *Hutson v. Wenatchee Fed. Sav. & Loan Ass'n*, 22 Wn. App. 91, 588 P.2d 1192 (1978), in which Division III of the Washington State Court of Appeals concluded that whether the lender at issue owed a duty to its borrowers to define a certain term relating to the transaction, namely "mortgage insurance," constituted a question of fact for the jury. In *Hutson*, the lender had suggested to the plaintiff and her husband, who subsequently died, that they might qualify for the federal Housing Opportunity Allowance Program ("HOAP"), it had provided HOAP application forms, reviewed them, and submitted

them to the government on behalf of the borrowers, and it had persuaded the borrowers to obtain a home-construction rather than a home-improvement loan because the former would be easier to finance. *Id.* at 92, 94, & 102. The *Hutson* Court found error in the trial court's instruction to the jury that the lender's only duty to the plaintiff was to exercise good faith, and that the lender had no duty to explain the concept of mortgage insurance, which protected only the lender and did not, as the plaintiff erroneously believed, cover the death of one of the mortgagors. *Id.* at 92-93, 101-05. Due to the instructional error, the judgment based on the jury's verdict in favor of the lender was reversed. *Id.* at 93, 106.

Although the *Hutson* case stands for the proposition that, in certain circumstances, a lender may be considered a fiduciary or quasi-fiduciary, plaintiffs here have not pleaded with enough particularity facts indicating that Smile Seattle acted in a manner giving rise to a duty above and beyond good faith. Likewise, plaintiffs have not alleged sufficient facts to support such claim against Evergreen Bank. To the extent that Smile Seattle or Evergreen Bank, in the capacity of lender, failed to provide required disclosures, plaintiffs' claim sounds in federal and/or state statutory violations, which plaintiffs have alleged and concerning which Smile Seattle and Evergreen Bank have not brought any motion to dismiss. Thus, the motion to dismiss plaintiffs' breach of fiduciary duty claim is GRANTED, but only as to defendants Smile Seattle and Evergreen Bank. Bellevue City Mortgage has not sought dismissal of this claim, and the seventh cause of action will remain pending against Bellevue City Mortgage. Moreover, the dismissal of the breach of fiduciary duty claim as to Smile Seattle and Evergreen Bank is without prejudice to plaintiffs seeking leave to amend their complaint. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1193 (S.D. Cal. 2005) ("The Ninth Circuit has 'repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000))).

### D. Misrepresentation or Fraud

The elements of intentional misrepresentation or fraud are: (i) representation of an existing fact; (ii) materiality; (iii) falsity; (iv) the speaker's knowledge of its falsity; (v) intent of the speaker that it should be acted upon by the plaintiff; (vi) plaintiff's ignorance of its falsity; (vii) plaintiff's reliance on the truth of the representation; (viii) plaintiff's right to rely upon it; and (ix) damages suffered by the plaintiff. <u>Stiley v. Block</u>, 130 Wn.2d 486, 505, 925 P.2d 194 (1996). The circumstances constituting fraud must be pleaded with particularity, but state of mind, *e.g.*, malice, intent, knowledge, may be alleged in general terms. Fed. R. Civ. P. 9(b). Smile Seattle contends that plaintiffs have failed to adequately allege facts to support their claim of misrepresentation or fraud. In response, plaintiffs reference their allegations concerning Smile Seattle's failure to make statutorily required disclosures.

Under Washington law, an omission of a material fact cannot form the basis of a claim for negligent misrepresentation, <u>Ross v. Kirner</u>, 162 Wn.2d 493, 499, 172 P.3d 701 (2007), but an action for intentional misrepresentation or fraud "may be asserted where one party to a transaction has a duty to speak . . . yet that party fails to state" a material fact. <u>Haberman v. Wash. Pub. Power Supply Sys.</u>, 109 Wn.2d 107, 166, 744 P.2d 1032 (1987). The duty to speak need not arise from privity or a fiduciary relationship; rather, liability for concealment of material facts may be imposed when a defendant knows that information will be passed along to the plaintiff or to a class of people whose reliance the defendant intends to induce. <u>Id.</u> at 166-67. Thus, plaintiffs may pursue an intentional misrepresentation or fraud theory based on failure to make statutorily required, material disclosures, but they do not have a cognizable claim for negligent misrepresentation.

Smile Seattle argues that plaintiffs' fraud claim is duplicative of their statutory causes of action. Smile Seattle, however, cites no authority for the proposition that plaintiffs must elect between their statutory and common law claims. The pleading rules envision that a plaintiff may demand relief in the alternative or hypothetically. Fed. R. Civ. P. 8(a)(3) (a

demand "may include relief in the alternative or different types of relief") & 8(d)(2) ("A party may set out two or more statements of a claim or defense alternately or hypothetically, either in a single count or defense or in separate ones."). Although plaintiffs' claims might eventually prove duplicative, the Court cannot at this stage of the proceedings find them redundant.

Smile Seattle also contends plaintiffs cannot establish that Smile Seattle knew it was required to make the disclosures at issue. Smile Seattle asserts that plaintiffs' representations concerning the investment (as opposed to residential) purposes of the bridge loan relieved it of any obligation to comply with the various federal statutes at issue. Although such argument might operate as a defense for Smile Seattle, it involves matters outside the pleadings, which the Court declines to consider, *see* Fed. R. Civ. P. 12(d), and it does not establish the absence of a cognizable claim for intentional misrepresentation or fraud. Moreover, with respect to Smile Seattle's knowledge or intent, plaintiffs are not required to plead with particularity, and their general allegations are sufficient under Fed. R. Civ. P. 9(b) and the jurisprudence relating to Fed. R. Civ. P. 8(a) and 12(b)(6). Therefore, the motion to dismiss plaintiffs' eighth cause of action is DENIED, except to the extent that plaintiffs allege negligent misrepresentation, which claim cannot be premised on a failure to disclose.

### E. Inflicition of Emotional Distress

In Washington, intentional infliction of emotional distress constitutes the same tort as outrage. *Kloepfel v. Bokor*, 149 Wn.2d 192, 193 n.1, 66 P.3d 630 (2003). Under Washington law, the elements of the tort of outrage are: (i) extreme and outrageous conduct; (ii) intentional or reckless infliction of emotional distress; and (iii) actual result to the plaintiff of severe emotional distress. *Kloepfel*, 149 Wn.2d at 195; *Dombrosky v. Farmers Ins. Co.*, 84 Wn. App. 245, 261, 928 P.2d 1127 (1997). The claim must be predicated on conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community." *Kloepfel*, 149 Wn.2d at 196; *Dombrosky*, 84 Wn. App. at 261. The tort of outrage does not encompass mere insults, indignities, threats, annoyances, or petty oppressions. *Kloepfel*, 149 Wn.2d at 196. A plaintiff is assumed to be "hardened to a certain degree of rough language, unkindness, and lack of consideration." *Id.* The question whether particular conduct rises to the requisite level of outrageousness is "ordinarily a question of fact for the jury." *Dombrosky*, 84 Wn. App. at 261. The Court, however, may dismiss a claim if reasonable minds could not differ as to the conclusion that the alleged behavior was not sufficiently extreme. *Id.* at 261-62.

Here, plaintiffs base their claim of outrage on the "oppressive terms" of the bridge loan, the failure to provide statutorily required disclosures, and the allegedly harassing attempts to collect the balance of the bridge loan during a time when Lynne Minvielle was undergoing treatment for cancer. Amended Complaint at ¶¶ 12.3-12.5 (docket no. 9). Due to the lack of specificity in the complaint, the Court concludes that plaintiffs have not alleged behavior sufficiently extreme to support a claim of outrage or intentional infliction of emotional distress. For example, with respect to Smile Seattle's or Evergreen Bank's collection practices, plaintiffs have not described in requisite detail the allegedly harassing contact or correspondence, and they have not adequately pleaded the type of "atrocious" and "utterly intolerable" behavior necessary to sustain a claim of outrage. Thus, the motion to dismiss plaintiffs' ninth cause of action is GRANTED, but without prejudice to plaintiffs seeking leave to amend their complaint.

IT IS SO ORDERED.

DATED this 19th day of November, 2008.

Thomas S. Zilly
United States District Judge

ORDER - 9